Pryor & Mandelup, L.L.P.
Attorneys for Robert L. Pryor, Trustee
675 Old Country Road
Westbury, New York 11590
(516) 997-0999

Hearing Date: July 18, 10:00 am
Objection Date: July 11, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                        Chapter 7

DANIEL GALLAGHER                                          Case No.: 8-23-70994-las
                            Debtor.
----------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE,** that upon the application (the "Application") of Robert L. Pryor, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate (the "Estate") of Daniel Gallagher (the "Debtor"), the debtor in the above-captioned Chapter 7 case, by his attorneys, Pryor & Mandelup, L.L.P., dated June 8, 2023, a hearing will be held on July 18, 2023 at 10:00 a.m. (the "Hearing Date"), or as soon thereafter as counsel can be heard, before Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the Courthouse located at the U.S. Bankruptcy Court, 290 Federal Plaza, Courtroom 970, Central Islip, New York 11722, for entry of an Order pursuant to 11 U.S.C. §§ 105, and 363(b), (f), and (h), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and E.D.N.Y. LBR 6004-1 (i), authorizing and approving the auction (the "Sale") of the Estate's interest in and to the real property known as 1640 Sterling Road, Cutchogue, New York 11935 (the "Real Property") free and clear of all liens, claims, encumbrances and interests (collectively "Liens"), with such Liens, if any, to attach to the net proceeds of the Sale to the same extent, priority, and validity as existed as of the Debtor's filing of his Chapter 7 Petition in this case on March 23, 2023, "as is", "where is", "with all faults," with no representations or warranties of any kind or nature whatsoever, except as to insurable title, (ii) making findings regarding the propriety of the Sale, (iii) granting relief related to the Sale, including protection for the Purchaser under 11 U.S.C. § 363(m), (iv)

1

waiving the 14 day stay of Bankruptcy Rule 6004(h), and (v) granting the Trustee such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to E.D.N.Y. LBR 9006-1(a), any objection or response (the "Objections") to the Application must be made in writing, must state the standing of the objectant, state with particularity the grounds for the objection, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order 559.  (General Order 559 and the User's Manual for the Electronic Case Filing System can be found at www.nyeb.uscourts.gov, the official Website of the Bankruptcy Court), by registered uses of the Bankruptcy Court's case filing system, and by all other parties in interest on 3.5 inch diskette, CD or DVD preferably in Portable Document Format (PDF), Microsoft Word or any other Windows based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Louis A. Scarcella at the above address), and must be served in accordance with General Order 559 upon: (i) Pryor & Mandelup, L.L.P., Counsel to the Trustee, 675 Old Country Road, Westbury, NY 11590, Attention:  Robert L. Pryor, Esq., and (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, NY 11722, so as to be filed and actually received no later than July 11, 2023 at 4:00p.m. on that day (the "Objection Date").

**PLEASE TAKE FURTHER NOTICE**, that if no objections are received by the Objection Date, the relief requested in the Application may be granted without a hearing.

Dated:  Westbury, New York
       June 8, 2023                    PRYOR & MANDELUP, L.L.P.
                                        Attorneys for Chapter 7 Trustee

                                        By:  *s/Robert L. Pryor, Esq.*
                                             Robert L. Pryor, Esq.
                                        675 Old Country Road
                                        Westbury, New York 11590
                                        Telephone: (516) 997-0999
                                        Email: rlp@pryormandelup.com

**PRYOR & MANDELUP, L.L.P.**
**Attorneys for Chapter 7 Trustee**
**Robert L. Pryor, Esq.**
**675 Old Country Road**
**Westbury, New York 11590**
**(516) 997-0999**
**rlp@pryormandelup.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                       Chapter 7
                                                                                  Case No.: 8-23-70994-las
DANIEL GALLAGHER,

                                                   Debtor.
-------------------------------------------------------------X

## CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING SALE BY PUBLIC AUCTION OF REAL PROPERTY LOCATED AT 1640 STERLING ROAD, CUTCHOGUE, NEW YORK 11935, FREE AND CLEAR OF LIENS, CLAIMS, <u>ENCUMBRANCES AND INTERESTS</u>

TO:    THE HON. LOUIS A. SCARCELLA
          UNITED STATES BANKRUPTCY JUDGE

Robert L. Pryor, Esq., the Chapter 7 trustee (the "Trustee") of the bankruptcy Estate of Daniel Gallagher (the "Debtor"), by and through his attorneys, Pryor & Mandelup, L.L.P., submits this motion (the "Motion") seeking the entry of an order pursuant to 11 U.S.C. § 363(b), (f) & (h), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule ("LBR") 6004-1: (a) authorizing the Trustee to sell the real property located at 1640 Sterling Road, Cutchogue, New York 11935 (the "Real Property") by public auction, "as is" and where is", free and clear of liens, claims, interests and encumbrances, with such liens, claims, encumbrances and interests ("Liens"), if any, to attach, in such priority and validity as they existed on the date of the filing of Debtor's Petition, March 23, 2023 (the "Petition Date"), net of the following expenses (the "Net Proceeds"): (i) all reasonable and customary closing costs,

1

and closing adjustments, including but not limited to recordation fees, transfer taxes, if any, title insurance charges, pickup fees, etc., (ii) all taxes associated with the sale, including real estate taxes and any capital gains taxes which may be incurred by the bankruptcy estate as a result of the Sale, (iii) the Auctioneer's commissions, measured pursuant to E.D.N.Y. LBR 6005-1(b)(i), computed against the gross sale proceeds actually or constructively received on account of the sale, and as approved by final order of this Court, (iv) the Auctioneer's reasonable and necessary expenses directly related to the sale, measured pursuant to E.D.N.Y. LBR 6005-1(b)(ii), and as approved by final Order of this Court. (b) approving the proposed terms and conditions of sale; (c) requiring all occupants of the Real Property to vacate the Real Property upon two (2) weeks' written notice; (d) providing related relief, and (e) for such other and further relief as the Court deems just and proper.

## BACKGROUND

1. On March 23, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief from his creditors, pursuant to Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code"). The Trustee was appointed interim trustee for Debtor's bankruptcy estate ("Estate").

2. The first meeting of creditors, pursuant to 11 U.S.C. § 341(a), was held on April 26, 2023, whereat the Trustee qualified as permanent trustee of Debtor's Estate.

3. As of the Filing Date, Debtor was the owner of the Real Property.

4. It is the Trustee's belief that based upon his informal valuation of the Real Property the bankruptcy estate will benefit from the sale of the Real Property provided that as expected the proceeds of sale exceed the amounts due and owing to the first mortgagee.

5. After consultation with his professionals, the Trustee has determined to liquidate the Real Property through the Court appointed auctioneer, Maltz Auctions, Inc. ("Maltz").

6. On May 25, 2023, this court issued its Order authorizing the retention of Maltz.

7. Maltz has advised the Trustee that, if this Motion is granted, it intends to include the Real Property in a public auction of real estate on a date to be scheduled on the Auctioneer's website no less than 30 days before the Auction.

8. The Trustee wishes to proceed with the sale of the Real Property pursuant to 11 U.S.C. § 363(b) & (h) and to do so free and clear of Liens. Pursuant to 11 U.S.C. § 363(f) and Bankruptcy Rule 6004(c).

## **RELIEF REQUESTED**

9. Section 363(b)(l) of the Bankruptcy Code authorizes a trustee to use, sell, or lease, other than in the ordinary course of business, property of the estate. Section 363 does not set forth a standard for determining whether a sale of property under section 363(b) should be approved. However courts have consistently applied an "articulated business judgment" standard when interpreting this section. *See Stephen Indus., Inc. v. McClung,* 789 F.2d 386, 390 (6th Cir. 1986); *In re Continental Airlines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.,* Ill F.2d 1063 (2d Cir. 1983); *In re Walter,* 83 B.R. 14, 17 (Bankr. 9th Cir. 1988); *In re Channel One Communications, Inc.,* 117 B.R. 493,496 (Bankr. E.D. Mo. 1990); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670,675 (Bankr. S.D.N.Y. 1989); *In re Baldwin United Corp.,* 43 B.R. 888,906 (Bankr. S.D. Ohio 1984).

10. The standard for approval of a sale of the Real Property under Section

363 of the Bankruptcy Code is satisfied because a Chapter 7 trustee has a statutory duty to liquidate assets expeditiously. *See* 11 U.S.C. §704(a)(l). Furthermore, the proposed auction sale of the Real Property is permissible, as Bankruptcy Rule 6004(f)(l) provides, in relevant part, that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Chapter 7 trustees often exercise authority to sell debtors' assets. *In re Stein.* 281 B.R. 845, 848 (Bankr. S.D.N. Y. 2002 (discussing the chapter 7 trustee's right to sell the assets of the debtor under the Bankruptcy Code); *In re Bakalis,* 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (explaining the chapter 7 trustee's authority to conduct the sale of the debtor's assets).

11.     The Trustee believes that there will be sufficient value in the Estate's interest in the Real Property to warrant a sale and that it would generate proceeds that could provide for a distribution to the holder of a domestic support obligation and to general unsecured creditors generally that would otherwise not exist. As such, the Trustee has a valid business justification for the sale of the Real Property. Therefore the Trustee, in the exercise of his reasonable business judgment, recommends that the Court approve the auction sale of the Real Property.

12.     Moreover, the Trustee proposes to sell the Real Property free and clear of all Liens not limited to, existing Liens, and any outstanding Real Property taxes that would otherwise run with the Property, with said Liens to attach to the proceeds of sale in the same validity, extent, and priority as existed on the Petition Date.

13.     11 U.S.C. § 363(f) provides that the Trustee may sell property under pursuant to Section 363(b) free and clear of any interest in such property only if:

(1)     applicable nonbankruptcy law permits sale of

>       such property free and clear of such interest;
>
> (2)   such entity consents;
>
> (3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)   such interest is in bona fide dispute; or
>
> (5)   such entity could be compelled, in a legal or equitable proceeding to accept money satisfaction of such interest.

14. Section 363(f) is written in the disjunctive. As such, the Trustee need only satisfy one (1) of the five (5) conditions to sell free and clear. *See, In re Dundee Equity Corp.,* 1992 WL 53743 (Bankr. S.D.N.Y. 1992). The holders of the Liens along with all creditors that have filed proofs of claim against the Estate and/or notices of appearance in this case, and those creditors who were listed in Debtor's petition and schedules, will be given notice of this Motion and an opportunity to object to the relief requested and any entity which does not object to the sale shall be deemed to have consented. *See e.g., Futuresource L.L.C. v. Reuters, Ltd.,* 312 F.3d 281, 285-86 (7th Cir. 2002)(upholding the proposition that the lack of an objection to a proposed sale of assets counts as consent); *Hargrave v. Township of Pemberton (In re Tabone, Inc.),* 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to proposed sale free of all claims, liens and encumbrances satisfies the requirements of section 363(f)(2)).

15. The Trustee believes that the auction sale will result in a meaningful benefit to the creditors of this Estate.

16. The Real Property is to be sold "AS IS", "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or

nature whatsoever and subject to, among other things , (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) all occupancies, if any, as may exist or encumber the Real Property or any portion(s) thereof; and (f) environmental conditions. The terms and conditions of sale will be appropriately disclosed by the Auctioneer in terms and conditions of sale and any advertising that is conducted with respect to the public auction. The Auctioneer shall conduct the auction in accordance with Rule 6004-1 of the Local Rules of this Court. (A copy of the proposed Terms and Conditions of Sale is annexed hereto as **Exhibit "A".)**

17.     The Trustee respectfully submits that the statutory requirements for the sale of the Real Property by public auction free and clear of all Liens have been satisfied, and that, consequently, the Trustee is entitled to the entry of an order authorizing such sale.

18.     The Trustee further requests that Debtor, and any and all other occupants of the Real Property be required to vacate the Real Property on two (2) weeks written notice.

19.     The proposed "terms of sale are annexed hereto as **Exhibit "A"**.

## NOTICE OF PROPOSED SALE

20.     Pursuant to Bankruptcy Rule 2002(a)(2), parties in interest must be given at least twenty-one (21) days' notice of a "proposed use, sale or lease of property estate other than in the course of business". This is being done here.

**SERVICE**

21. The Trustee proposes to serve the Notice of Motion, the Motion with all exhibits, and the proposed order, upon Debtor, Debtor's counsel, the Office of the United States Trustee, the holders of Liens and their respective attorneys (if known), and all parties having filed notices of appearance in Debtor's case. The Trustee proposes to serve the Notice of Motion only, on all unsecured creditors in Debtor's bankruptcy case, including all parties who have filed a timely proof of claim. The Trustee submits that no further notice is necessary.

22. No prior request for the relief sought herein has been made by the Trustee or his counsel.

**WHEREFORE,** the Trustee respectfully requests that a proposed Order authorizing the auction sale of the Real Property free and clear of liens, claims, interests and encumbrances be signed and entered by the Court, that the Trustee be authorized to conduct the sale upon the proposed terms and conditions, that Debtor, and any and all occupants be required to vacate the Real Property upon two (2) weeks' written notice, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: Westbury, New York
       June 8, 2023

                        PRYOR & MANDELUP, L.L.P.
                        Attorneys for Robert L. Pryor, Esq., Chapter 7 Trustee

            By: */s/Robert L. Pryor*
                      Robert L. Pryor, Esq
                      675 Old Country Road
                      Westbury, New York 11590
                      (516) 997-0999
                      rlp@pryormandelup.com