UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7

DANIEL GALLAGHER                                             Case No.: 8-2-70994-las
                                    Debtor.
-----------------------------------------------------------X

### ORDER AUTHORIZING SALE OF REAL PROPERTY BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

**UPON** the Motion dated June 8, 2023 ("Motion") of Robert L. Pryor, Esq., Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Daniel Gallagher ("Debtor"), by his attorneys, Pryor & Mandelup, L.L.P., for the entry of an order pursuant to 11 U.S.C. §363(b) (f) & (h), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and E.D.N.Y. LBR 6004-1, (a) authorizing the Trustee to sell the Estate's interest in and to the real property located at 1640 Sterling Road, Cutchogue, New York 11935 (the "Real Property") by public auction by the Estate's retained auctioneer, "as is" and where is", "with all faults" free and clear of liens, claims, interests and encumbrances, with such liens, claims, interests and encumbrances ("Liens"), if any, to attach, in such priority and validity as they existed on the date of the filing of Debtor's Petition, March 23, 2023, (the "Petition Date"), net of the following expenses (the "Net Proceeds"): (i) all reasonable and customary closing costs, and closing adjustments, including but not limited to recordation fees, transfer taxes, if any, title insurance charges, pickup fees, etc., (ii) all taxes associated with the sale, including real estate taxes and any capital gains taxes which may be incurred by the bankruptcy estate as a result of the Sale, (iii) the Auctioneer's commissions, measured pursuant to E.D.N.Y. LBR 6005-1(b)(i), computed against the gross sale proceeds actually or constructively received on account of the sale, and as approved by final order of this Court, and (iv) the Auctioneer's

1

reasonable and necessary expenses directly related to the sale, measured pursuant to E.D.N.Y. LBR 6005-1(b)(ii), and as approved by final Order of this Court (b) approving the proposed terms and conditions of sale; (c) requiring the Debtor, and any and all other occupants of the Real Property to vacate the Real Property upon two (2) weeks' written notice; (d) providing related relief, and (e) for such other and further relief as the Court deems just and proper; and a hearing having been held before the Motion and proposed Order for the relief sought herein on July 18, 2023. (the "Hearing"); and notice of the Motion being deemed good and sufficient; and no objection to the Motion having been filed or otherwise heard, and due deliberation having been had and sufficient cause appearing therefor, now it is hereby

**ORDERED,** that, pursuant to 11 U.S.C. § 363(b) (f) and (h), the Trustee is authorized to sell the Estate's interest in the Real Property, by public auction to be conducted by his retained auctioneer, Maltz Auctions, Inc., free and clear of any and all liens, claims, encumbrances and interests with such liens, claims, encumbrances, and interests to attach to the Net Proceeds in such priority, validity, and extent as they existed on the "Petition Date"; and it is further

**ORDERED,** that the Terms and Conditions of sale are hereby approved and shall be in the form and substance substantially similar to that which is annexed to the Motion as Exhibit "A" and that the Real Property is to be sold "AS IS", "WHERE IS" "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and subject to, among other things, (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other

applicable municipal regulations and violations thereof; (e) all occupancies, if any, as may exist or encumber the Property or any portion(s) thereof; and (f) environmental conditions; and it is further

**ORDERED**, that (i) on not less than 24 hours' notice, within ten (10) days after entry of this Order, Debtor and all other persons and entities, shall provide the Auctioneer unhindered access to the Real Property for the purpose of inspecting and photographing the Real Property (the "Auctioneer Inspection"), (ii) on not less than 24 hours' notice, at any time after entry of this Order, Debtor and all other persons and entities, shall provide the Auctioneer unhindered access to the Real Property for the purpose of conducting two open houses at the Real property, (iii) on net less than 24 hours' notice, at any time after entry of this Order, Debtor and all other persons and entities, shall provide the Auctioneer unhindered access to the Real Property for the purpose of showing the Real Property to prospective bidders and/or their agents or representatives, (iv) commencing upon entry of this Order, Debtor and all other persons and entities, shall permit the Auctioneer to place a "For Sale" sign conspicuously on the front lawn of the Real Property, and shall not cause or permit such sign to be removed or defaced until such time as the Closing of the Sale occurs; and it is further

**ORDERED,** that pursuant to 11 U.S.C. §363(b)(f) and (h), effective upon closing, the sale of the Real Property will vest in the successful bidder/purchaser all of the Estate's right, title and interest in and to the Real Property, free and clear of any liens, claims, interests and encumbrances; and it is further

**ORDERED**, that upon and subject to the occurrence of the closing of the sale of the

Real Property, all liens, claims, encumbrances and interests against the Real Property on the date immediately prior to the closing, have been and hereby are adjudged and declared to be unconditionally released as to the Real Property; and it is further

**ORDERED**, that the successful bidder/purchaser of the Real Property shall not be deemed to have assumed any liabilities of the Debtor; and it is further

**ORDERED**, that Debtor, and in accordance with the terms of the Court-Approved Stipulation, and any and all other occupants of the Real Property shall give the Trustee, Maltz Auctions, Inc., and any of their respective representatives, agents, and/or employees, access to the Real Property upon no less than twenty-four (24) hours' notice, and upon their failure to do so, application by the Trustee, an order may be entered directing the United States Marshal to assist providing the requested access to the Real Property; and it is further

**ORDERED,** that Debtor, and any and all other occupants of the Real Property shall vacate the Real Property upon two (2) weeks' written notice, which can be made by letters sent via first class mail addressed to (i) Debtor and ii) Occupants; and it is further

**ORDERED,** that in the event the Debtor and/or any other individuals then occupying the Real Prope1ty fail to timely vacate the Real Property despite service of notice to do so, then the Trustee is authorized to seek, *ex parte,* from this Court the entry of an order of removal or eviction to be enforced by either the United States Marshal or the Nassau County Sheriff; and it is further

**ORDERED,** that this Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the terms and conditions of sale, including retaining

jurisdiction to (a) compel delivery of the Real Property to the successful bidder/purchaser, (b) resolve any disputes arising under or related to the sale and its terms and conditions, and (c) resolve any disputes regarding liens, claims, encumbrances or interests asserted against the Real Property; and it is further

**ORDERED,** that each and every federal, state and local government agency is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Real Property, and a copy of this Order may be filed in any place where State, Federal or local law permits its filing or recording, including, in the Real Property records of Nassau County; and it is further

**ORDERED,** In accordance with New York Tax Law Section 1405(b)(8), the Nassau County Clerk be, and hereby is directed to record the Trustee's Deed for the Real Property without payment of any transfer taxes; and it is further

**ORDERED,** that the Trustee is authorized to pay the normal and necessary closing costs and real estate taxes necessary to consummate the closing of the Real Property from the proceeds of sale thereof; and it is further

**ORDERED,** that the Trustee is authorized to execute such documents and expend such funds as may be necessary to implement the terms and conditions of the Order.