UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7
                                                                                     Case No.: 8-23-70994-las
DANIEL GALLAGHER,

                                  Debtor.
-----------------------------------------------------------X

## STIPULATION AND ORDER

      Stipulation of Settlement (the "**Stipulation**"), dated as of July 10, 2023, by and between Robert L. Pryor, Esq., the Chapter 7 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Daniel Gallagher (the "**Debtor**"), and Jennifer Gallagher ("**Jennifer**") (collectively, "**Parties**" and each a "**Party**").

      **WHEREAS**, on March 23, 2023 (the "**Filing Date**"), the Debtor filed a voluntary petition for relief from his creditors with this Court ("**Court**"), pursuant to Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "**Bankruptcy Code**"); and the Trustee was appointed interim trustee of the Debtor's bankruptcy Estate; and

      **WHEREAS**, the first meeting of creditors pursuant to 11 U.S.C. § 341(a) was held on April 26, 2023, whereat the Trustee qualified as permanent trustee of Debtor's Estate; and

      **WHEREAS**, prior to the Filing Date, the Debtor was divorced from Jennifer pursuant to a Judgment of Divorce (the "**Divorce Judgment**") entered on December 3, 2015 by the Supreme Court of the State of New York, County of New York ("**State Court**"); and

      **WHEREAS**, the Divorce Judgment, *inter alia*, (a) provided for the sale by and through Jennifer of real property located at 1640 Sterling Road, Cutchogue, NY 11935 (the "**Property**") which was jointly owned by the Debtor and Jennifer, and directed the Debtor to cooperate with such sale, and (b) directed the Debtor to pay Jennifer spousal maintenance and child support

1

(collectively, "**DSO**") and certain other monies; and

      **WHEREAS**, thereafter, the State Court entered judgments ("**Judgments**") in favor of Jennifer against the Debtor with respect to certain portions of the DSO, and other monies awarded to Jennifer under the Divorce Judgment and otherwise; and

      **WHEREAS**, Jennifer voluntarily assigned certain portions of the DSO to the Support Collection Unit ("**SCU**") of the Office of Child Support Enforcement ("**OCSE**") of New York City for the purpose of collecting said DSO debt ("**Voluntary DSO Assignment**"); and

      **WHEREAS**, on February 28, 2019, the State Court issued an Order granting the Debtor the sole authority to take all steps necessary to effectuate the sale of the Property; and

      **WHEREAS**, the Debtor did not sell the Property prior to the Filing Date, and the property continued to be owned jointly by the Debtor and Jennifer as of the Filing Date as tenants in common; and

      **WHEREAS**, the Debtor listed in Schedule A/B of his chapter 7 Schedules ("**Schedules**") that he was the sole owner of the Property; and

      **WHEREAS,** on June 12, 2023, the Trustee filed a Motion ("**Motion**") to sell the Property pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (h), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and E.D.N.Y. LBR 6004-1 (i), authorizing and approving the auction sale (the "**Sale**"), through the Trustee's retained auctioneer Maltz Auctions, Inc. ("**Auctioneer**") of the Estate's interest in and to the Property free and clear of all liens including tax liens ("**Tax Liens**"), claims, encumbrances and interests (collectively "**Liens**"), with such Liens, if any, to attach to the net proceeds of the Sale to the same extent,

priority, and validity as existed as of the Filing Date; and

**WHEREAS**, after the Filing Date, Jennifer filed a proof of claim with attachments (claim number 1-2 on the claims register maintained by the Clerk of the Court) for the sum of $272,862.62, all asserted to be entitled to priority under Section 507(a)(1)(A) or (a)(1)(B) of the Bankruptcy Code (Jennifer's "**Proof of Claim**" or "**Claim**"); and

**WHEREAS**, the Trustee's review of Jennifer's Proof of Claim reveals that certain portions of the Claim should not be accorded DSO status, and the Trustee and Jennifer are involved in continuing discussions and analysis to determine which portions of the Claims should be reclassified as a general unsecured nonpriority claim, or can only be asserted in a proof of claim filed by SCU or OCSE.

**NOW, THEREFORE**, it is hereby stipulated, consented to and agreed by and between Jennifer and the Trustee as follows:

1. **Recitals**. The foregoing recitals are true and correct and shall be deemed incorporated herein.

2. **Effective Date**. This Stipulation shall become effective (the "**Effective Date**") upon this Stipulation's being "so ordered" by the Court.

3. **Sale of Property**. Jennifer consents to the Trustee's sale, pursuant to 11 U.S.C. §§ 363(b), (f), and (h), of Jennifer's and the Estate's respective rights, title, and interests in and to the Property, free and clear of liens including Tax Liens, claims and encumbrances with such liens, claims and encumbrances attaching to the net proceeds of the sale after the payment of Auctioneer's expenses and commissions, closing costs and capital gains taxes, if any. Jennifer consents to the Trustee, upon compliance with 11 U.S.C. § 363, Bankruptcy Rule 6004, and all other applicable laws and rules, issuing a deed to the Property on behalf of Jennifer and the Estate,

as well as executing any and all documents reasonably necessary for the implementation of this Stipulation and to effectuate the sale of the Property. Jennifer understands and agrees that in the event the public auction of the Property does not result in a successful bid high enough to justify the Trustee's sale of the Property, the Trustee may, in his sole discretion and pursuant to his business judgment, determine not to confirm the sale of the Property.

4. **Jennifer's DSO Claim against the Estate**. The Parties shall resolve the amount of Jennifer's DSO claim that is entitled to priority under Section 507(a)(1)(A) or (a)(1)(B) of the Bankruptcy Code; and would be entitled to be paid under Section 724(b)(2) of the Bankruptcy Code, in a further stipulation to be filed with the Court to be "so ordered", at which time, the amount set forth in such stipulation shall supersede Jennifer's Proof of Claim. If the amount of the DSO Claim cannot be resolved amicably in a further Stipulation, the Parties shall submit any dispute as to the amount of Jennifer's DSO Claim that is entitled to priority under § 507(a)(1)(A) or (a)(1)(B) of the Bankruptcy Code to the Court.

5. **Cooperation.** Jennifer agrees to fully cooperate with the Trustee and any and all professionals retained on behalf of the Estate in any and all efforts to market and sell the Property.

6. **Section 363(j) of the Bankruptcy Code**. Jennifer agrees that in accordance with Section § 363(j) of the Bankruptcy Code, (a) the costs and expenses of the Sale, expressly including all closing costs and the fees of the Trustee's retained Auctioneer, (b) all liens and mortgages existing against the interests of both Jennifer and the Estate in the Property, and (c) all liens and mortgages solely against Jennifer's interest in the Property, shall be paid from the proceeds of the Sale, before payment to Jennifer on account of Jennifer's tenancy in common interest in the Property as set forth below.

7. **Waiver of liens against the Property**. Jennifer hereby agrees to waive any liens she may possess against the Estate's interest in the Property that are part of Jennifer's ultimately-allowed DSO claim or any other allowed DSO claim that is entitled to priority under Section 507(a)(1)(A) or (a)(1)(B) of the Bankruptcy Code, and that is paid as set forth below. Jennifer further agrees that the Auctioneer's commissions, expenses, and fees due to the Auctioneer shall be paid upon entry of Order by the Court allowing such commissions, expenses and fees.

8. **Payment to Jennifer**. Jennifer agrees that payment on account of her tenancy in common interest in the Property and her ultimately-allowed DSO claim herein, shall be made by the Trustee only upon the Bankruptcy Court's approval of the Trustee's Final Report in Debtor's bankruptcy case.

9. **Representations.** The Parties to this Stipulation represent and acknowledge to each other and the Court that they have the requisite authority to execute this Stipulation and that they have had an opportunity to consult with their undersigned counsel of their choice regarding the terms of this Stipulation, understand the terms of this Stipulation, and have entered into this Stipulation freely of their own will.  Jennifer hereby represents that she has had the opportunity to consult with counsel of her choice, fully understands the terms of this Stipulation, and has entered into this Stipulation with knowledge and understanding of its terms and of her free will, without coercion of any kind.

10. **Unwinding**.   If, through no fault of any Party, an order denying approval of this Stipulation is entered by the Court, this Stipulation, in its entirety, shall be deemed null and void.  In such event, the *status quo,* as between the Parties prior to the execution of this Stipulation, shall be restored, each Party shall remain vested with all rights, claims and defenses against the others as if this Stipulation had not been executed.

11. **No Admissions**. This Stipulation represents a compromise of a dispute and this Stipulation is not to be construed as an admission of liability on the part of any Party released hereby.

12. **Multiple Counterparts**. This Stipulation may be executed in multiple counterparts and/or by facsimile signatures, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument having full force and effect.

13. **Choice of Law/Venue**. The Parties agree that this Stipulation shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Stipulation shall be exclusively in the Bankruptcy Court for the Eastern District of New York.

14. **Construction**. Any construction to be made of this Stipulation shall not be made in favor or against any Party, but rather shall be given a fair and reasonable interpretation based on the plain language of the Stipulation and the expressed intent of the Parties.

15. **Binding Effect**. This Stipulation and each term hereof shall be binding upon and inure to the benefit of each of the Trustee, the Estate, and Jennifer, and their respective heirs, legal representatives, successors, and assigns.

16. **Headings**. The headings of paragraphs contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

**IN WITNESS WHEREOF,** the Parties hereto, individually or by their counsel,

have executed this Stipulation as of the date set forth above.

Dated:  Westbury, New York          PRYOR & MANDELUP, L.L.P.
                                                   Attorneys for the Trustee.

                                    By:   /s/ *Robert L. Pryor*
                                                Robert L. Pryor, Esq.
                                                675 Old Country Road
                                                Westbury, New York 11590
                                                (516) 997-0999
                                                rlp@pryormandelup.com


Dated: New York, New York          /s/ Jennifer Gallagher
                                              Jennifer Gallagher


SO ORDERED:

_____