

**Sara Z. Boriskin, Esquire**
**Managing Partner, New York Office**

900 Merchants Concourse,
Suite 310
Westbury, NY 11590
Phone: 516-280-7675
Fax: 516-280-7674
https://www.raslegalgroup.com

**James Robertson, Esquire***
**Everett Anschutz, Esquire****
**David J. Schneid, Esquire****
**John T. Crane, Esquire****

* Deceased
**Not Admitted to Practice in New York

August 11, 2023

Hon. Louis A. Scarcella
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Court house
Central Islip, NY 11722

|  |  |
|---|---|
| **In Re:** | **Daniel Gallagher ("Debtor")** |
| **Case No.:** | **8-23-70994-las** |
| **Chapter:** | **7** |

Dear Judge Scarcella:

This firm represents Selene Finance as servicer to U.S. Bank Trust National Association, as Trustee, a secured creditor of the above-named Debtor ("Creditor"). Creditor filed a response to the Ch. 7 Trustee's motion to sell the Debtor's real property at 1640 Sterling Road, Cutchogue, New York 11935 (the "Property") – see, ECF No. 24 (the "Response"). At a hearing on the sale motion on August 8, 2023, the Court approved the sale process. On August 10, 2023, counsel for the Debtor filed a letter with proposed order – see, ECF No. 33. Creditor objects to a portion of the proposed order that provides for only customary closing costs to be paid at the closing. Debtor's counsel's letter to the Court states that "As neither the sales price, encumbering liens or final claims are available it is Debtor's positon that other than closing costs and auctioneer fees… no expenses should be paid from the sale proceeds."

There is no dispute from the Trustee or the Debtor that Creditor holds a pre-petition perfected and existing first position mortgage lien on the Property. The Response states such, and there has been no opposition or objection to that position. In the Response Creditor does provide

the amount to pay off the mortgage loan as of July 1, 2023 at $706,362.13.  This amount would increase with accrued interest from that date to the closing date, but such amount would be relatively small.  Further, the pay off calculation was provide to the Trustee's counsel by e-mail on July 26, 2023.   So, it is Creditor's position that both Trustee and Debtor do have the pay off figures for the mortgage loan, and did have them prior to the August 8 hearing.  Further, when a closing date is determined, a formal pay off letter can be provided so that all parties to the sale and closing will have the exact amount necessary to satisfy the mortgage loan, and the needed funds can be paid to creditor at the time of closing.  After receipt of funds, an appropriate release or satisfaction would be delivered to the trustee, Debtor's counsel, title company or other designated party.

As the Response stated, Creditor does not consent to any pay off of the mortgage loan at less than the full amount due form sale proceeds and will not release the mortgage lien on the Property unless the loan is paid in full.  This position was also argued by Creditor's counsel appearing at the August 8 hearing.

The order as entered by the Court should provide that the Creditor's mortgage loan is to be paid from proceeds at closing in a customary real estate transaction manner.  The relevant ordered paragraph should provide:

> **Ordered**, that unless consented otherwise, all liens, claims, interests and encumbrances, shall to the extent of their validity and in the order of priority, attach to the net proceeds of sale, provided, however, that the first position mortgage loan held by U.S. Bank Trust National Association, as Trustee, shall be paid from proceeds of sale at the closing pursuant to an appropriate and customary pay off letter to be delivered by the creditor for the closing; and it is further

Thank you.

                                                        Respectfully,

                                                         /s/ _Kevin R. Toole_____
                                                        Kevin R. Toole, Esq.
                                                        ktoole@raslg.com

cc:     Richard F. Artura, Esq. (Via ECF)
          Robert L. Pryor, Trustee (Via ECF)